IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00049-CV

 

Bossier Chrysler-Dodge II, Inc. 

d/b/a Bossier Country,

                                                                      Appellant

 v.

 

James Riley,

                                                                      Appellee

 

 



From the 77th District Court

Freestone County, Texas

Trial Court No. 03-158-A

 



DISSENTING Opinion TO

OPINION DENYING REHEARING










 

          The majority’s failure, like that of
the plaintiff’s, was and remains the careful analysis of evidence relevant to
each cause of action.  The majority’s mantra on rehearing is the same tune we
heard before.  There is no reason to repeat it in another opinion.  For the
reasons expressed in my original dissenting opinion, which I otherwise feel
compelled to not repeat again, again I dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

Dissenting opinion delivered and filed April 25,
2007






0;                      

      These are companion condemnation cases in which the State acquired a "stratified subsurface
fee estate" from two parcels of land, a subdivision tract and a residence, owned by H. B.
Lawrence and his wife (collectively, Lawrence). The jury awarded Lawrence $142,889 and
$129,235 as the value of the land condemned and damages to the remainder of each parcel,
respectively. The State appealed.
      By order dated November 15, 1995, we notified the parties that the dispute in these causes
was appropriate for resolution by an alternative dispute resolution procedure. Tex. Civ. Prac.
& Rem. Code Ann. § 154.021(a) (Vernon Supp. 1996). Although the State objected to our
actions, we found that its objections did not have a reasonable basis, other than general objections
to ADR, and, on December 20, referred the causes for mediation. Id. §§ 154.022(b), 154.023. 
The parties agreed on former Chief Justice Clarence Guittard as the impartial third party to be
named. 
      Judge Guittard conducted the mediation session on January 16, 1996. The attempt to settle
the dispute was successful and the parties filed a "Motion To Implement Settlement" on January
25. However, we were unable to determine with sufficient specificity the actions that the parties
requested we take to implement their agreement. Therefore, we remanded these causes to the trial
court for proceedings consistent with the agreement.
      Apparently, the parties have fulfilled the terms of their agreement because they have filed a
joint motion to dismiss. Attached to the joint motion to dismiss is a copy of the agreement and
a release of the judgments acknowledging payment of $210,000 by the State in satisfaction of the
judgments.
      In the relevant portion, Rule 59(a) provides:
(1) The appellate court may finally dispose of an appeal or writ of error as follows:
(A) In accordance with an agreement signed by all parties or their attorneys and
filed with the clerk; or
(B) On motion of appellant to dismiss the appeal or affirm the judgment
appealed from, with notice to all other parties; provided, that no other party
shall be prevented from seeking any appellate relief it would otherwise be
entitled to. 
Tex. R. App. P. 59(a).
      Both the State and Lawrence are party to the motion to dismiss. Thus, the motion is granted. 
They also ask that we issue an order returning the original exhibits to the trial court. This motion
is also granted.
      Therefore, we direct the clerk of this court to return to the County Court at Law of Ellis
County each of the original exhibits forwarded to this Court in connection with these appeals. 
Pursuant to the parties' agreement, the clerk of the County Court shall allow the parties to
withdraw their exhibits upon written receipt. This appeal is dismissed with the State to bear the
costs, in accordance with the parties' motion.


                                                                                 PER CURIAM
Before Justice Cummings, and
          Justice Vance
Dismissed on joint motion of the parties
Opinion delivered and filed March 13, 1996
Do not publish